UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NEIL RAYMOND,

          Plaintiff,   **COMPLAINT**

-against-

THE CITY OF NEW YORK,

          Defendants.
----------------------------------------------------------------X

Plaintiff NEIL RAYMOND, by and through his attorney, LAW OFFICE OF MATTHEW S. PORGES, ESQ., complaining of the Defendant herein, alleges, upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1. This is a civil action based on Defendant's violations of the First Amendment of United States Constitution, as enforced by 42 U.S.C. § 1983 and Defendant's violations of the New York State Constitution, Article 1, Section 8, as well as any other common law or statutory cause of action that can be inferred from the facts set forth herein.

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and under 28 U.S.C. § 1343, as Plaintiff's federal claim arises under the United States Constitution, as enforced by 42 U.S.C. §1983. The supplemental jurisdiction of the Court (28 U.S.C. § 1367) is invoked over state and local law causes of action.

3. Venue is proper in this court pursuant to 28 U.S.C. § 1391.

## PREREQUISITES FOR STATE LAW CLAIMS

4. The prerequisites for Plaintiff's state law claims have been completed.

5. On November 23, 2020, Plaintiff duly served a Notice of Claim upon the Comptroller of the City of New York. Said Notice of Claim stated the nature of the claims, as well as the date, time, and place and manner in which the claim arose.

6. On February 10, 2021, Plaintiff duly complied with the requirement of oral examination pursuant to Section 50-h of the General Municipal Law.

7. More than thirty (30) days have elapsed since the Notice of Claim was served upon Defendant and Defendant has neglected to or refused to make any adjustment or payment thereof.

8. This action is commenced within one year and ninety days of September 22, 2020, the date on which the cause of action arose.

## PARTIES

9. Plaintiff Neil Raymond ("Raymond"), was, at all relevant times, and still is, a citizen of the United States and a resident the County of Kings and the City and State of New York.

10. Raymond has standing to bring this action because: (1) he has been injured in that he has been unable to present his desired message; (2) that injury is traceable to Defendant's denial and/or lack of action on his mural application; and (3) the injury can be redressed by a favorable judicial decision which allows Plaintiff to present his message and/or which financially compensates him for the harm which he has suffered.

11. Defendant City of New York ("City") was and still is a municipality incorporated and organized under the laws of the State of New York. The City governs, supervises, operates, and otherwise controls the New York City Department of Transportation and New York City Department of Transportation's employees, agents, and servants and policies, practices, customs, and procedures. The City is responsible for the acts and omissions of the New York City Department of Transportation, including those of its employees, agents, and servants.

## FACTS

12. Black Lives Matters ("BLM") is a political movement started in 2013 which become extremely popular in 2020, especially after the May 2020 killing of George Floyd. Floyd's killing led to numerous major BLM protests throughout the United States, starting in the Summer 2020.

13. The Honorable Bill DiBlasio, the mayor of New York City from 2014 through 2021, has been especially supportive of BLM.

14. In fact, on July 9, 2020, DiBlasio, city employees, and private citizens painted the words "Black Live Matters" outside Trump Tower, a building owned by then-President Donald J. Trump.

15. DiBlasio has also stated that is BLM is an issue "beyond politics."

16. DiBlasio also promised that each borough would receive a BLM mural.

17. In fact, the words "Black Lives Matter" were painted in large, yellow letters between Brooklyn Borough Hall and the municipal building on Joralemon Street in downtown Brooklyn.

18. An article on 6sqft.com, dated July 10, 2020, noted that, at the time, there were eight (8) BLM murals throughout the five boroughs of New York City.

19. Plaintiff Raymond, seeking to acknowledge that more than only black lives matter, sought to make a more inclusive mural that recognizes that lives other than black lives matter.

20. To that end, in July 2020, Raymond e-mailed DiBlasio's office and asked if Raymond could make a mural. Raymond did not state what kind of mural at that point.

21. He received a response telling him to contact his New York City Council member. Raymond e-mailed and called the Councilmember, but he was told to contact the New York City Department of Transportation ("NYC DOT").

22. Raymond contacted several politicians and agencies within the City of New York and spoke with various staff members who promised that he would hear back on the request. In the end, he was simply referred from one politician and/or agency to another.

23. On August 5, 2020, Raymond filed, with the NYC DOT, for permission to paint a mural in Manhattan of the same size as the BLM messages previously allowed. In the alternative, Raymond sought to pain multiple murals stating similar messages, such as that, "Asian lives matter," "Hispanic lives matter," and "White lives matter."

24. On August 18, 2020, the City of New York responded that, "Except for a one time City initiative to install "Black Lives Matter" murals on City roadways at certain locations, the New York City Department of Transportation ("NYCDOT") does not permit installations on City roadways that are open to traffic."

25. In truth, Defendant denied Raymond permission to put up a mural solely based on the content of the message, in violation of, at a minimum, Raymond's free speech rights under the First Amendment of United States Constitution and under Article 1, Section 8 of the New York State Constitution.

26. On or about September 8, 2020, Raymond applied again using the document linked at https://www1.nyc.gov/html/dot/downloads/pdf/arterventions-application-2019.pdf.

27. In his application, Raymond stated that he would be happy to place the "mural" in any location within Manhattan and did not confine the proposed location to the actual street.

28. The form that Plaintiff used on September 8, 2020 provided that a response would be given to the application within two weeks, which would have been September 22, 2020. Even though Raymond did not receive any response from Defendant, his application was effectively denied when he was not approved at the end of that two week period.

29. Raymond was to work on the mural with Alex Kolodka, though Raymond was the one seeking permission for the mural.

30. Raymond spent hundreds of dollars on materials needed to make the requested murals.

31. Raymond has suffered emotional distress, loss of confidence and purpose, lost of respect among his peers, and other damages, in an amount to be determined at the time of trial.

32. Raymond also seeks equitable relief, including, but not limited to, an order requiring Defendant to grant permission for Raymond to place the requested mural(s) with the City of New York.

## **FIRST CAUSE OF ACTION**
(VIOLATION OF THE FIRST AMENDMENT OF
THE U.S. CONSTITUTION AS APPLIED THROUGH 42 U.S.C. §1983)

33. Plaintiff repeats and realleges each and every allegation above as though more fully set forth herein.

34. Defendant, acting under the color of law, has deprived and continues to deprive Plaintiff of his rights guaranteed by the First Amendment of the United States Constitution, as enforced through 42 U.S.C. §1983.

35. Specifically, Defendant has engaged in, at least, the following conduct in violation of Plaintiff's First Amendment rights:

   a. Denying Plaintiff the opportunity to use space within the City of New York, at an appropriate time and place, to paint one or mural(s) expressing his requested message;

   b. Failing to provide a reasonable basis, or any basis, for denying Plaintiff the opportunity to paint his requested message within the City of New York;

   c. Favoring the viewpoint of Black Lives Matter over other viewpoints which Plaintiff has sought to present in his proposed mural(s); and

   d. Effectively censoring the expression of the message and/or viewpoint which Plaintiff seeks to display by forbidding it from being presented through a mural in New York City.

## SECOND CAUSE OF ACTION
(VIOLATION OF THE NEW YORK CONSTITUTION, ARTICLE 1, SECTION 8)

36. Plaintiff repeats and realleges each and every allegation above as though more fully set forth herein.

37. Article 1, Section 8 of the New York State Constitution provides, in pertinent part, that "[e]very citizen may freely speak, write and publish his or her sentiments on all subjects."

38. By denying Plaintiff the ability to publish his sentiments on the Black Lives Matter discussion, Defendant has violated the New York State Constitution, specifically Article 1, Section 8.

39. In the ways described in this Complaint, Plaintiff has been damaged by Defendant's denial of this right secured to him under the New York State Constitution.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

    a. Declare that Defendant has violated Plaintiff's rights under the New York State Constitution, Article 1, Section 8 and under the First Amendment of the United States Constitution, as enforced by 42 U.S.C. §1983;

    b. Order that Defendant be required to allow Plaintiff to paint his chosen message in an appropriate public venue within the City of New York, preferably a venue close to New York City Hall;

c. Grant to Plaintiff financial damages for the emotional, reputational, and other harm he suffered from his being denied the right to display his chosen message and grant to Plaintiff compensatory damages for monies expended in anticipation of being approved for his proposed mural(s);

d. Award to Plaintiff legal fee and costs pursuant to 42 U.S.C. § 1988; and

e. Grant to Plaintiff such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
December 14, 2021

                                            Law Office of Matthew S. Porges
*Attorney for Plaintiff*
32 Court Street, Suite 904
Brooklyn, New York 11201
(718) 673-2578 (Phone)

_____
MATTHEW S. PORGES (MP-5826)